IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KATHY DURKIN, | ) |
| Plaintiff | ) JUDGE BUCKLO |
| v. | ) No. MAGISTRATE JUDGE LEVIN |
| CITY OF CHICAGO, | ) **00C 4932** |
| Defendant | ) |

## COMPLAINT

The Plaintiff, Kathy Durkin, by and through her attorneys, Keith L. Hunt, Nancy A. Ostdiek of Hunt & Associates, P.C., complain against the defendants as follows:

### GENERAL ALLEGATIONS

1. Kathy Durkin is a female resident of Chicago, Cook County, Illinois. She was employed as a police officer for the City of Chicago Police Department from May 10, 1999 until October 8, 1999, during which time she attended the City of Chicago Police Academy in Chicago, Illinois.

2. The defendant, the City of Chicago, is a municipal corporation operating, among other things, the City of Chicago Police Department and City of Chicago Police Academy in Chicago, Cook County, Illinois.

3. This is an action for declaratory and injunctive relief and for damages against the Defendant to redress the deprivation of the Plaintiff's civil rights under 42 U.S.C. §1983 ("Section 1983") and rights secured to the plaintiff by the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 (e) et seq., ("Title VII").

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331,

1343(4), 2201, 2202, 1983 and Title VII. Specifically, jurisdiction to grant injunctive and declaratory equitable relief as well as damages is invoked pursuant to U.S.C. § 2000(e), 5(f) and (g).

5. Venue is proper under 28 U.S.C. § 1391 because the acts complained of by the Plaintiff occurred within this judicial district and because the Defendant has a principal place of business within the district.

6. The plaintiff has fully complied with the procedural requirements of Title VII. On December 29, 1999, the plaintiff filed a charge of discrimination on the basis of sex and retaliation with the Equal Employment Opportunity Commission (Charge No. 210A011866) (Exhibit A). The Commission issued a Notice of Right to Sue based upon these charges on May 15, 2000. A copy of the Dismissal and Notice of Rights is attached as Exhibit B. This Complaint is timely filed within 90 days of receipt of the attached Notice.

### COUNT I
### (Title VII – Sexual Harassment)

7. The plaintiff incorporates all the allegations of paragraphs 1-6 of the complaint.

8. The plaintiff was hired by the Chicago Police Department on May 10, 1999 and was terminated on October 8, 1999. The plaintiff's termination was based on unlawful discrimination based on sex, sexual harassment, and in retaliation for complaining about the sex discrimination that she had been experiencing, in violation of Title VII as amended.

9. The plaintiff was subjected to a hostile, offensive and discriminatory work environment thereby altering the terms and conditions of her employment at the City of Chicago in that she was subjected to:

    a. Stories and jokes of a sexually explicit, offensive and derogatory nature;

    b. Unwelcome and unwanted sexual advances and comments including male officers exposing themselves and urinating in front of her;

    c. Rude, foul and other unacceptable language including extensive swearing and intimidation;

    d. Rude and offensive gestures;

    e. Inappropriate behavior, suggestions and remarks of a sexual nature;

    f. Use of language of a demeaning nature towards women such as "bitch," "fucking bitch," "whore," "broad," and comments such as "who did you fuck to get in here" and "go home to your kids, you'll never be a cop," and "you broads all want to get on the job and then do nothing."

    g. Being physically kicked by a male range instructor

10. The plaintiff complained about this treatment, yet nothing was done to rectify the situation or to protect her from such abuse.

11. As a direct and proximate result of the foregoing conduct, Durkin has suffered embarrassment, humiliation, emotional distress and other forms of damage. The Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable.

WHEREFORE, the Plaintiff prays that this Honorable Court:

    A. Enter a judgment in the Plaintiff's favor and against The City of Chicago for its violation of Title VII, 42 U.S.C. §2000(e) et seq;

B. Award the Plaintiff actual damages suffered, including the lost wages and damages

C. Award the Plaintiff compensatory damages under Title VII to compensate Durkin for the embarrassment, anxiety, humiliation and emotional distress she has suffered.

D. Reinstate the Plaintiff to her former position;

E. Award Plaintiff prejudgment interest on her damages award;

F. Enjoin the Defendant, its officers, agents and all others working in concert or participation with them from discriminating or harassing the Plaintiff and any employee;

G. Award Plaintiff her reasonable costs and attorneys fees; and

H. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT II
## (TITLE VII -- SEX DISCRIMINATION)

12. The Plaintiff incorporates all allegations made in paragraphs 1 – 11 of this Complaint.

13. During the course of her employment, Durkin has been subjected to discrimination on the basis of her gender, female, in one or more of the following ways:

    a. Durkin has been treated differently and less favorably than similarly situated male employees.

    b. Durkin has been denied an equal opportunity to pass the police academy.

    c. Inconsistent and arbitrary rules and discipline were enforced against Durkin which were not enforced against male officers.

    d. Durkin was denied the standard 20 hours of support time given to similarly situated male officers.

    e. Durkin's instructor refused to give her verbal instructions for training and testing.

    f.    Durkin's instructor forced her to do push-ups prior to other types of physical testing, thereby decreasing her physical strength, while not forcing the male officers to undergo physical exertion prior to testing.

    g.    Durkin's instructor routinely intimidated her because she is a woman.

    h.    Durkin was told that if she passed the Illinois Firearms Certification course, she would become a police officer. After she passed the course, the City disregarded her scores and terminated her. The City did not treat similarly situated males in the same manner.

14.    The plaintiff complained about gender discrimination on numerous occasions but nothing was done.

15.    As a direct and proximate result of the foregoing conduct, Durkin suffered embarrassment, humiliation, emotional distress and other forms of damage. The Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable.

WHEREFORE, the Plaintiff prays that this Honorable Court:

    A.  Enter a judgment in the Plaintiff's favor and against the City of Chicago for its violation of Title VII, 42 U.S.C. §2000(e) et seq;

    B.  Award the Plaintiff actual damages suffered, including the lost wages and damages

    C.  Award the Plaintiff compensatory damages under Title VII to compensate her for the embarrassment, anxiety, humiliation and emotional distress she has suffered.

    D.  Reinstate the Plaintiff to her former position;

    E.  Award Plaintiff prejudgment interest on her damages award;

    F.  Enjoin the Defendant, its officers, agents and all others working in concert or participation with them from discriminating or harassing the Plaintiff and any employee;

G. Award Plaintiff her reasonable costs and attorneys fees; and

H. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT III
## TITLE VII – RETALIATION

16. The plaintiff incorporates all allegations made in paragraphs 1 – 15 of this complaint.

17. The defendant unlawfully retaliated against the plaintiff after the plaintiff engaged in statutorily protected activities, including opposing and complaining about sex discrimination by the defendant.

18. As a direct result of the plaintiff's actions described in paragraph 17, and almost immediately after the plaintiff complained about the discriminatory treatment and comments, the plaintiff suffered adverse actions by the defendants, including one or more of the following:

    a. Supervisors went out of their way to make the performance of the plaintiff's job more difficult;

    b. The harassment and intimidation more fully described above increased in intensity;

    c. Supervisors unreasonably and arbitrarily enforced rules and regulations against me and not other male officers;

    d. Supervisors otherwise took extra measures to make the performance of her job more difficult.

    e. The plaintiff was terminated.

19. The defendants would not have taken adverse employment action against the plaintiff but for the plaintiff's complaints about the harassment and sex discrimination that she was subjected to.

WHEREFORE, the plaintiff requests that this Honorable Court:

A. Enter a judgment in the plaintiff's favor and against the City of Chicago for its violation of Title VII, 42 U.S.C. §2000(e) et seq;

B. Award the plaintiff actual damages suffered, including lost wages and damages;

C. Award the plaintiff compensatory damages under Title VII to compensate Durkin for the embarrassment, anxiety, humiliation and emotional distress she has suffered.

D. Reinstate the Plaintiff to her former position.

E. Award Plaintiff prejudgment interest on her damages award;

F. Enjoin the defendant, its officers, agents and all others working in concert or participation with them from discriminating or harassing the plaintiff and any employee;

G. Award Plaintiff his reasonable costs and attorneys fees; and

H. Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV
## VIOLATION OF SECTION 1983

20. The plaintiff adopts and incorporates by reference the allegations in paragraphs 1-19 of the complaint.

21. The defendants engaged in and enforced a custom, policy or practice of discrimination against female officers at the City of Chicago Police Academy.

22. The defendant has a custom, policy or practice of treating female employees at the Academy differently and less favorably than male employees and/or acquiescing or condoning the less favorable treatment of female employees.

23. The defendant has a custom, policy or practice of sexually harassing female employees and/or acquiescing in or condoning sexual harassment of female employees at the Academy.

24. The defendant has a custom, policy or practice of discriminating against female employees at the Academy by targeting female employees including the plaintiff for enforcement and application of policies in a fashion not used for male employees at the Academy.

25. The City of Chicago was aware of the discriminatory acts of which the plaintiff complains, including the harassment, discrimination and retaliation, but acted with deliberate indifference to same and did nothing about it. The defendants condoned and/or tacitly authorized the discriminatory custom, policy or practice which was a proximate cause of the plaintiff's injuries.

26. The plaintiff's constitutional injuries were also caused by individuals within the Chicago Police Department, all of whom are final policy makers under 42 U.S.C. §1983 with respect to the discriminatory policies, decisions and/or deliberate indifference to her constitutional rights that affected the plaintiff's terms and conditions of employment.

27. The plaintiff is entitled to the equal protection under the laws as guaranteed through the Fourteenth Amendment of the United States Constitution and made enforceable through 42 U.S.C. §1983.

28. Through its actions directed at the plaintiff (as more fully described in Counts I – III above) and other women, as well as its policies and employment practices directed to the plaintiff (as more fully described in Counts I – III above), the defendant violated the plaintiff's constitutional right to equal protection under the law, in violation of 42 U.S.C. §1983.

WHEREFORE, the Plaintiff prays that this Honorable Court:

A. Enter a judgment in the Plaintiff's favor and against The City of Chicago for its violation of 42 U.S.C. §1983.

B. Award the Plaintiff actual damages suffered, including the lost wages and damages

C. Award the Plaintiff compensatory damages to compensate her for the embarrassment, anxiety, humiliation and emotional distress she has suffered.

D. Award Plaintiff punitive damages for the Defendant's violations of 42 U.S.C. §1983.

E. Reinstate the Plaintiff to her former position.

F. Award Plaintiff prejudgment interest on her damages award;

G. Enjoin the Defendant, its officers, agents and all others working in concert or participation with them from engaging and/or enforcing a custom, policy or practice of discriminating and/or harassing female employees based on their gender;

H. Award Plaintiff her reasonable costs and attorneys fees; and

I. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

WHEREFORE, for the foregoing reasons, the defendant the City of Chicago, should be found liable to the plaintiff for all sums and for all relief awarded to the plaintiff against the individual defendants, and each of them.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,
HUNT & ASSOCIATES, P.C.

By: *Nancy O Ostdiek*
An Attorney For Plaintiff

Keith L. Hunt
Katherine A. Rodosky
Nancy A. Ostdiek
Hunt & Associates, P.C.
Three First National Plaza
Suite 2100
Chicago, IL 60602

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

DOCKETED

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Kathy Durkin

JUDGE BUCKLO
MAGISTRATE JUDGE LEVIN

## DEFENDANTS
City of Chicago

00C 4932

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Cook__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Cook__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Keith L. Hunt, Nancy A. Ostdiek
Hunt & Associates, P.C.
Three First Natinal Plaza #2100
Chicago, IL 60602 (312)558-1300

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This is an action for declaratory and injunctive relief and for damages agianst the Defendant to redress the deprivation of the Plaintiff's civil rights under 42 U.S.C 1983 and rights secured to the plaintiff by the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 530 Habeas Corpus | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. REMARKS
In response to ☐ is not a refiling of a previously dismissed action
General Rule 2.21D(2) this case ☐ is a refiling of case number _____ of Judge _____

DATE

SIGNATURE OF ATTORNEY OF RECORD
Nancy A. Ostdiek

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

Kathy Durkin,
    Plaintiff

v.

City of Chicago,
    Defendant

JUDGE BUCKLO

MAGISTRATE JUDGE LEVIN

Case Number: 00C 4932

DOCKETED AUG 14 2000

FILED-EDS 00 AUG 11 PM 3:02 CLERK U.S. DISTRICT COURT

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:**

Plaintiffs

| (A) | (B) |
|---|---|
| SIGNATURE: *Keith L. Hunt* | SIGNATURE: *Katherine Rodosky* |
| NAME: KEITH L. HUNT | NAME: KATHERINE RODOSKY |
| FIRM: HUNT & ASSOCIATES, P.C. | FIRM: HUNT & ASSOCIATES, P.C. |
| STREET ADDRESS: THREE 1ST NATIONAL PLAZA, SUITE 2100 | STREET ADDRESS: THREE 1ST NATIONAL PLAZA, SUITE 2100 |
| CITY/STATE/ZIP: CHICAGO, IL 60602 | CITY/STATE/ZIP: CHICAGO, IL 60602 |
| TELEPHONE NUMBER: 312/558-1300 | TELEPHONE NUMBER: 312/558-1300 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 06190675 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 06225948 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE: *Nancy A. Ostdiek* | SIGNATURE: |
| NAME: NANCY A. OSTDIEK | NAME: |
| FIRM: HUNT & ASSOCIATES, P.C. | FIRM: |
| STREET ADDRESS: THREE 1ST NATIONAL PLAZA, SUITE 2100 | STREET ADDRESS: |
| CITY/STATE/ZIP: CHICAGO, IL 60602 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: 312/558-1300 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 6269280 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |

DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☒    DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☒

## PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.

### INSTRUCTION FOR COMPLETING APPEARANCE FORM

**1. General Information**

General Rule 3.15 provides that once an attorney has filed an appearance form on behalf of a party, no additional appearances or substitutions may be made without leave of Court. The Rule also provides that the attorney may not withdraw without leave of Court. Therefore, if more than one attorney is going to represent the party or parties shown on the front of this form, each should complete the attorney appearance section of the form.

This form is designed to permit the filing of appearances by up to four attorneys who represent the same party or parties. If more than four attorneys representing the same party or parties wish to file appearances, additional forms should be used and the letters (A), (B), (C), (D) indicating the attorneys should be altered to (E), (F), (G), (H), respectively for the fifth through the eighth attorneys, etc.

**2. Listing of Parties for Whom the Attorney is Appearing**

The name of each of the parties represented by the attorney(s) filing the appearance are to be listed on the lines immediately below the words "Appearance(s) are hereby filed by the undersigned as attorney(s) for:". The type of party, e.g., plaintiff, defendant, third party plaintiff, should follow each party. If all of the parties are of the same type, e.g., all parties represented are plaintiffs, then the type of party can be shown at the end of the listing of parties.

**3. Completing Attorney Information**

The information requested should be completed for each attorney filing an appearance. Where two or more attorneys are from the same firm, only the first listed from the firm need complete the information for firm name, street address and city/state/ZIP. The others may indicate "Same as (letter designation of first attorney)."

**4. Identification Number**

Attorneys who are members of the Illinois bar should enter the identification number issued to them by the Illinois Attorney Registration and Disciplinary Commission (A.R.D.C.). Attorneys who are not members of the Illinois bar should leave this item blank.

**5. Attorney (A) and Notices**

Where more than one attorney is listed on the appearance form, all listed will be entered on the docket of the Clerk as attorneys of record. However, notices will only be mailed to the attorney shown in box(A) on the form except where local counsel has been designated pursuant to General Rule 3.13 (see below). The attorney is responsible for notifying all other attorneys included on the form of the matter noticed.

Where appearances are filed on behalf of attorneys representing a state or local government, e.g., States Attorney, Corporation Counsel, the persons filing the appearance may wish to list the name of the assistant who is in active charge of the case in box (A) and the appearance of the head of the agency, e.g., attorney general, corporation counsel, or any other assistant assigned to the case in subsequent boxes. In this way, the assistant in active charge will receive notice.

**6. Appearances and Trial Bar Membership**

All attorneys filing appearances must indicate whether or not they are members of the trial bar of this Court and whether or not they are the attorney who will try the case in the event that it goes to trial.

In criminal actions, an attorney who is not a member of the trial bar may not file an individual appearance. Pursuant to General Rule 3.10, a member of the trial bar must accompany such attorney and must also file an appearance.

In civil actions, an attorney who is not a member of the trial bar should designate the trial bar attorney who will try the case in the event that it goes to trial. If a trial bar attorney is not listed on the initial appearance and the case goes to trial, a trial bar attorney, pursuant to General Rule 3.15, must obtain leave of Court to file an appearance.

**7. Designation of Local Counsel**

Pursuant to General Rule 3.13, an attorney who does not have an office in this District may appear before this Court "only upon having designated, at the time of filing his/her initial notice or pleading, a member of the bar of this Court having an office within this District upon whom service of papers may be made." No attorney having an office in this District may designate local counsel. No attorney may designate more than one attorney as local counsel. Notices will be mailed by the Clerk's Office to both the attorney shown in box (A) and the attorney designated as local counsel.